**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**TERRANCE SYKES, JR.,**

    Plaintiff,

v.                                                 **CIVIL ACTION NO.: 3:13-CV-84**
                                                        **(JUDGE GROH)**

**FEDERAL BUREAU OF PRISONS,**
**TERRY O'BRIEN, Warden,**
**JOHN DOE, Head of Facilities,**
**CHRISTOPHER GOISSE, RN,**
**H. BOYLES, HSA,**
**WALTER DOBUSHAK, Staff Physician,**
**JOHN DOE, Head of Transportation,**
**C. EICHENLAUB, Regional Director,**
**HARRELL WATTS, General Counsel Administrator, and**
**JOHN DOE, Assistant Warden over Medical Department,**

    Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the report and recommendation of United States Magistrate Judge John S. Kaull. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation. Magistrate Judge Kaull filed his report and recommendation on October 17, 2013. ECF 18. However, his report and recommendation did not address a pending motion to amend filed by Plaintiff Terrance Sykes, Jr. on September 25, 2013. Thereafter, on April 11, 2014,

1

Magistrate Judge Kaull granted Plaintiff's motion to amend, and he directed the Clerk of Court to add John Doe, Assistant Warden over medical department, as a defendant. On April 14, 2014, Magistrate Judge Kaull filed an amended report and recommendation. In that filing, he recommended that Plaintiff's complaint should be dismissed with prejudice on an initial screening pursuant to Local Rule of Prisoner Litigation Procedure 2 and 28 U.S.C. §§ 1915A and 1915(e).

## II.  Background

Plaintiff alleges in his complaint that on August 31, 2010, while incarcerated at U.S.P. Hazelton in Bruceton Mills, West Virginia, he injured his right knee. Plaintiff states that the injury occurred during a move through the "yellow corridor" to the recreation yard when he tried to avoid an altercation that erupted between two separate groups of inmates. Plaintiff alleges that in an effort to avoid the altercation, he fell on an area of rocky terrain. Plaintiff states that as a result of the fall he sustained a ruptured right patellar tendon and tendinitis to his left knee.

Plaintiff also alleges that he suffered more damage and excruciating pain when he was transported from the site of the injury to the hospital. First, Plaintiff states that Christopher Goisse, R.N., a federal employee, attempted to transfer Plaintiff to health services by using a "dolly-like chair." However, Goisse allegedly did not apply safety straps to keep him secure. When Goisse ran over a rock, the chair tipped and threw Plaintiff to the concrete. Plaintiff landed on his knees, which caused him further injury.

Second, Plaintiff states that despite his knee injuries, he was forced to bend his legs to accommodate a chair transfer to health services. Third, Plaintiff alleges he was

transferred to a local hospital by a van, while still in the "dolly chair." Plaintiff states there were no safety straps or restraints to secure the "dolly chair." Instead, Plaintiff alleges he was instructed to "hang on to the seat belt" to secure the chair during his transport to the hospital. Plaintiff states he was required to apply pressure to his knee to keep him from falling during the transport as the unsecured chair slid throughout the trip.

Plaintiff alleges that on September 2, 2010 he underwent orthopedic surgical repair to his right patellar tendon. He alleges that aside from one session with an orthopedic specialist on November 24, 2010, he was denied any physical therapy for his knee. Plaintiff also alleges that his left knee was not x-rayed until December 21, 2010. As a result, Plaintiff alleges he has to walk with a brace and needs surgery to completely remove the tendon and replace it with another taken from somewhere else in his body.

Plaintiff also alleges that the defendants fraudulently failed to record how his injuries occurred. Plaintiff maintains that the defendants conspired to cover up how his injuries occurred by fabricating a story and then all signing off on that story.

Finally, Plaintiff amended his complaint to add medical records from U.S.P. Lee, which are dated July 23, 2013. Specifically, Plaintiff amended his complaint to add a claim that he now suffers additional mental and emotional distress due to harassment from correctional officers at U.S.P. Lee as a result of having to wear a knee brace.

### III. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

3

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, objections to Magistrate Judge Kaull's report and recommendation were due within fourteen days after being served with a copy  pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  Plaintiff accepted service of the amended report and recommendation on April 21, 2014.  Plaintiff timely filed his objections on May 12, 2014.  Accordingly, this Court will undertake a *de novo* review of those portions of Magistrate Judge Kaull's findings to which objection is made.  This Court will review the remainder of the report and recommendation for clear error.

### IV.  Discussion

Plaintiff files several objections to Magistrate Judge Kaull's report and recommendation.  Each objection is analyzed below.

#### A.    Objection to Initial Screening and Preliminary Review

First, Plaintiff objects to the report and recommendation "in it's entirety because the magistrate acted prematurely in dismissing his pro se civil rights complaint without service of process and response from the defendants."  However, pursuant to 28 U.S.C. § 1915A, the Prison Litigation Reform Act ("PLRA") requires a court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity

4

or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint is (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

In this case, Magistrate Judge Kaull performed an initial screen of Plaintiff's complaint as required by 28 U.S.C. § 1915A because Plaintiff is a prisoner in a civil action seeking redress from a governmental entity, its officers, and its employees. Additionally, for the reasons discussed below, Magistrate Judge Kaull correctly dismissed the case on the grounds of frivolity and failure to state a claim upon which relief may be granted. Therefore, Plaintiff's objection is **OVERRULED**.

### B. Objection to Omission of Certain Facts

Plaintiff objects to Magistrate Judge Kaull's factual and procedural history because he "omitted relevant facts concerning the injury to [Plaintiff's] left knee." Plaintiff states Magistrate Judge Kaull omitted the following factual allegations:

1. that Plaintiff was not aware of the injury to his left knee until July, 2013 when he received the results of a radiology report;

2. that Plaintiff continued to complain to prison medical staff of chronic pains in his left knee since December 21, 2010;

3. that the medical staff at U.S.P. Lee County provided Plaintiff with an insufficient diagnosis and treatment; and

5

4. that the Defendants intentionally delayed Plaintiff access to a specialist, facilities, and medical equipment to diagnose his left knee injury.

Plaintiff alleges that these facts are key to show that he was not aware of the full extent of his knee injuries until July 2013. Plaintiff appears to be making this objection to Magistrate Judge Kaull's finding that Plaintiff had notice of his injury on August 31, 2010. As discussed in more detail in sub-section E—Plaintiff's objection to the statute of limitations' analysis—in a <u>Bivens</u> action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice–e.g., by the knowledge of the fact of injury and who caused it–to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 955 (4th Cir. 1995).

In this case, Plaintiff had knowledge of his claim, or at the least was put on notice of it, when he was allegedly severely injured on August 31, 2010. Plaintiff's allegations in his complaint reveal that he knew he suffered a serious injury on that date. Indeed, Plaintiff alleges that he had a "hard fall on both of [his] knees" and he "felt a pop in [his] right knee as a result of the fall." He stated that when he attempted to stand, his "right leg caved at the knee, bending in the opposite direction, as a result of the hard fall, and [he] fell again, and started to feel excruciating pain and the knee beg[a]n to swell up pretty bad." Plaintiff also alleges he underwent surgery on September 2, 2010 and had "a retinacular repair as well as a complete petellar tendon repair performed on my right knee by a doctor at the Monongalia General Hospital." Therefore, Plaintiff knew of his injury on August 31, 2010, the date the injury occurred, and Plaintiff's objection is

**OVERRULED**.

### C. Objection to Footnote Number Two

Plaintiff objects to Magistrate Judge Kaull's footnote number two because he states that his claims of "emotional distress, aggravation, inconvenience, annoyance and embarrassment and loss of meals that he suffers from at U.S.P. Lee County, are correctly stated against the defendants from U.S.P. Hazelton . . . ." Plaintiff states that the aforementioned claims are the "aftermath and affects of these defendant's deliberate indifference to [his] constitutional rights."

This objection is moot. Magistrate Judge Kaull simply noted that if these were separate claims against the U.S.P. Lee County employees, then this Court would not have jurisdiction over such claims. However, Plaintiff does not state he is attempting to file separate claims against the U.S.P. Lee County employees. Rather, the claims are "stated against the defendants from U.S.P. Hazelton." Therefore, Plaintiff's objection is **OVERRULED**.

### D. Objection to Magistrate Judge Kaull's Finding that Plaintiff Failed to Exhaust his Administrative Remedies

Plaintiff objects to Magistrate Judge Kaull's *sua sponte* dismissal of his complaint based on failure to exhaust administrative remedies. Plaintiff argues that his complaint was inappropriately dismissed because the "failure to exhaust was not clearly apparent on the face of the complaint." Additionally, Plaintiff argues that failure to exhaust administrative remedies is an affirmative defense, and he is not required to plead it.

A prisoner bringing an action concerning prison conditions under 42 U.S.C.

§ 1983 or any other federal law must have exhausted all available administrative remedies. 42 U.S.C. § 1997e(a). Additionally, the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussie, 534 U.S. 516, 532 (2002). Exhaustion is mandatory and applies in Bivens actions. Porter, 534 U.S. at 524. Because exhaustion is a prerequisite to suit, a prisoner must have done so before filing his complaint. Id. Exhaustion is required even if the relief that the prisoner seeks is not available in grievance proceedings. Id.

However, exhaustion of administrative remedies is not a jurisdictional requirement. See Jones v. Bock, 549 U.S. 199, 211-217 (2007). Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. Id. Although exhaustion of remedies is not a jurisdictional or pleading requirement, this determination "does not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds." Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). Indeed, the "district court's authority to *sua sponte* dismiss an *in forma pauperis* case as frivolous [is] broad enough to permit the court to dismiss a complaint on the basis of an affirmative defense that [is] apparent from the facts alleged in the complaint." Id. at 682. Therefore, a district court may *sua sponte* dismiss an inmate's complaint that clearly shows the inmate has not exhausted his administrative remedies. Id. Additionally, in the habeas context, a "district court has the authority to *sua sponte* raise an affirmative defense . . . as grounds for dismissal, so

8

long as the court gives the petitioner an opportunity to respond." Id.

The Bureau of Prisons has a four-step Administrative Remedy Program. 28 C.F.R. § 542.10 et seq. An inmate must "first present an issue of concern informally to staff." Id. § 542.13. If he is not satisfied with the result of this step, he must submit "a formal written Administrative Remedy Request" on a BP-9 form. Id. § 542.14(a). The deadline for the informal complaint and BP-9 is twenty days from "the date on which the basis for the Request occurred." Id. The warden must answer the BP-9 within twenty days. Id. § 542.18. If the inmate is not satisfied with the warden's response, he must submit an appeal on a BP-10 form to the regional director within twenty days of the BP-9 response. Id. § 542.15(a). The regional director must respond within thirty days. Id. § 542.18. If the inmate is not satisfied with the response to the BP-10, he must appeal to the general counsel by filing a BP-11 form within thirty days of the BP-10 response. Id. § 542.15(a). The general counsel must respond within forty days. Id. § 542.18. An inmate exhausts his administrative remedies if he completes these steps. Further, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

In this case, Magistrate Judge Kaull recommended that this Court dismiss all of Plaintiff's claims except those regarding his fall and damage to his right knee due to failure to exhaust his administrative remedies. Magistrate Judge Kaull found that Plaintiff's complaint indicated that he had exhausted Remedy ID Number 61770–regarding the fall and injury to his right knee–by appealing the warden's denial to

9

the Regional Office and its denial to the Office of General Counsel. However, Magistrate Judge Kaull found that Plaintiff's complaint clearly indicated that he did not pursue the grievance regarding physical therapy or correction of his medical records beyond the institutional level.

Plaintiff has had the opportunity to respond to Magistrate Judge Kaull's recommendation to dismiss his claims, other than those regarding his fall and injury to his right knee, for failure to exhaust administrative remedies. In Plaintiff's objections, he does not allege that his claims regarding physical therapy or correction of his medical records beyond the institutional level were exhausted. However, Plaintiff simply objected to Magistrate Judge Kaull recommending dismissal on the basis that a district court cannot *sua sponte* dismiss a prisoner's claim for failure to exhaust administrative remedies.

As reviewed above, a district court may *sua sponte* dismiss a prisoner's complaint for failure to exhaust his administrative remedies if it is clear and apparent from the complaint and the court gives the prisoner an opportunity to respond prior to dismissal. Anderson, 407 F.3d at 682. In this case, Plaintiff attached his grievances to his complaint. On October 19, 2010, Plaintiff filed a grievance seeking monetary damages for his knee injury. On October 26, 2010, Plaintiff filed a Regional Administrative Remedy Appeal regarding his knee injury grievance. After receiving denial of his appeal by the Regional Director, Plaintiff then appealed to the General Counsel. Therefore, Plaintiff has alleged that this grievance was exhausted.

However, Plaintiff attached two separate grievances to his complaint. Plaintiff's

10

complaint shows that on December 2, 2010, Plaintiff filed a second grievance seeking physical therapy for his knee and on December 10, 2010, Plaintiff filed a third grievance requesting that his medical records be corrected.  Plaintiff did not provide any documentation regarding an appeal of these grievances to the regional director or general counsel.  Therefore, it is clear on the face of Plaintiff's complaint that he has not exhausted his administrative remedies.  Plaintiff had an opportunity to respond to this recommendation by Magistrate Judge Kaull, but Plaintiff did not provide any additional information regarding exhaustion of the aforementioned two grievances in his objections.  Accordingly, Plaintiff's objection is **OVERRULED**.

> **E.** **Objection to Magistrate Judge Kaull's Finding that the Statute of Limitations Bars Plaintiff's Complaint**

Plaintiff objects to Magistrate Judge Kaull's recommendation that Plaintiff's claims be dismissed with prejudice because they are barred by the statute of limitations. Plaintiff argues that Magistrate Judge Kaull inappropriately recommended *sua sponte* dismissal because the statute of limitations bar is an affirmative defense and the bar was not plainly revealed on the face of his complaint.

First, there is no statute of limitations for Bivens actions.  Therefore, federal courts considering § 1983 claims adopt the forum state's statute of limitations for personal injury claims.  See Wilson v. Garcia, 471 U.S. 261, 279 (1985); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).  Plaintiff did not object that the applicable statute of limitations is West Virginia Code § 55-2-12(b), which provides:

> Every personal action for which no limitation is otherwise
> prescribed shall be brought: (a) within two years next after

> the right to bring the same shall have accrued if it be for
> damage to property; (b) within two years next and the right to
> bring the same shall have accrued if it be for damages for
> personal injuries; and (c) within one year next after the right
> to bring the same shall have accrued if it be for any other
> matter of such nature that, in case a party dies, it could not
> have been brought at common law by or against his
> personal representative.

Therefore, Plaintiff did not object to and this Court properly finds that his claim is subject to a two year statute of limitations period.

Second, upon applying the statute of limitations to Plaintiff's complaint, it is clear upon the face of the complaint that it is barred by the applicable statute of limitations. In a <u>Bivens</u> action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice–e.g., by the knowledge of the fact of injury and who caused it–to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." <u>Nasim</u>, 64 F.3d at 955. In this case, Plaintiff had knowledge of his claim or at least was put on notice of it when he was allegedly severely injured on August 31, 2010. Plaintiff alleges he suffered extensive injuries on that date. Therefore, he would have at least been put on notice of his claim on that date. On December 2, 2010, Plaintiff filed a grievance seeking physical therapy for his injury, and, on December 10, 2010, Plaintiff filed a grievance seeking corrections to his medical records. Therefore, he had knowledge of those claims, at the latest, on the date he filed his grievance.

However, a plaintiff in a <u>Bivens</u> action is obligated to pursue his administrative remedies under the PLRA. Therefore, during this time period, the applicable statute of

limitations is tolled.  See Young v. Thompson, Civil Action No. 2:10-cv-66, 2011 WL 3297493 (N.D.W. Va. July 29, 2011) (finding that the magistrate judge properly tolled the statute of limitations with regard to plaintiff's claims while the plaintiff was exhausting his administrative remedies); see also Saucillo v. Samuels, Civil Action No. 0:12-cv-240-TMC, 2013 WL 360258, *2 (D.S.C. Jan. 30 2013) (tolling the statute of limitations until the prisoner exhausts all available administrative remedies).  In this case, Plaintiff exhausted his remedy regarding his knee injury on April 26, 2011 when General Counsel Administrator Harrell Watts denied his appeal of the Regional Office's decision. Therefore, Plaintiff would have had until April 26, 2013—two years from the date of the denial of his administrative appeal—to timely file a complaint regarding the August 31, 2010 fall and injury.  Plaintiff did not sign his original complaint until July 12, 2013, which is more than two years after exhaustion was completed.  Accordingly, Plaintiff's claims are barred by the statute of limitations.

Finally, even though the statute of limitations period is an affirmative defense, the district court may properly *sua sponte* dismiss a complaint if it is clear from the face of the complaint that it is time barred.  See Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002) (stating that a "federal habeas court has the power to raise affirmative defenses *sua sponte*").  Additionally, pursuant to the district court's authority under 28 U.S.C. § 1915, a court may screen an *in forma pauperis* suit to determine if it is frivolous, malicious, or fails to state a claim on which relief may be granted, and this statutory authority permits the district court to consider *sua sponte* whether a prisoner's complaint is barred by the statute of limitations.  Nasim, 64 F.3d at 953-56.  However, the Fourth

Circuit noted that a district court should also consider whether "'justice requires that the habeas petitioner be afforded with notice and a reasonable opportunity' to be heard." Hill, 277 F.3d at 705. In this case, Plaintiff had an opportunity to respond. Magistrate Judge Kaull recommended that Plaintiff's claims be dismissed with prejudice because they were barred by the statute of limitations. Plaintiff then filed objections to the report and recommendation. Therefore, Plaintiff received notice and had a reasonable opportunity to respond. Additionally, as explained in detail above, it was clearly apparent from the face of the complaint and documents attached thereto that Plaintiff's complaint was barred by the statute of limitations.

Therefore, Magistrate Judge Kaull properly tolled the statute of limitations with regard to Plaintiff's claims while Plaintiff was exhausting the required administrative remedies, and Magistrate Judge Kaull properly determined that despite such tolling, Plaintiff's claims were barred by the applicable statute of limitations. Accordingly, Plaintiff's objection is **OVERRULED**.

### F. Objection to Footnote Number Five

Plaintiff objects to footnote number five of the report and recommendation because he disagrees with Magistrate Judge Kaull's comments regarding the potential immunity of several defendants from suit. Magistrate Judge Kaull did not conduct an analysis of Plaintiff's claims against each defendant. Specifically, Magistrate Judge Kaull did not evaluate the potential immunity of each defendant. Rather, he based his report and recommendation upon two key issues: (1) failure to exhaust administrative remedies and (2) the statute of limitations. Therefore, Plaintiff's objection is

**OVERRULED** as defendants potential immunity from suit was not analyzed by Magistrate Judge Kaull nor did it serve as a basis for his report and recommendation.

### V. Conclusion

Upon careful review of the record, it is the opinion of this Court that Magistrate Judge Kaull's report and recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, Plaintiff's objections are **OVERRULED**. It is further ordered that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

**DATED**: September 17, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE